UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   MICHAEL LIGENZA,                      Case No. 11-31138-dof
          Debtor.                               Chapter 13 Proceeding
                                                      Hon. Daniel S. Opperman
_____/

OPINION REGARDING FIRST APPLICATION FOR APPROVAL OF PAYMENT OF
POST-CONFIRMATION ATTORNEY FEES OF JOHN TOPPING

Findings of Fact

John Topping, attorney for the Debtor, filed a First Application for Approval of Payment of Post-Confirmation Attorney Fees (the "Application") seeking an award of $10,020.71 for attorney fees and expenses of $501.04 for the period of June 3, 2014 - July 12, 2015. A creditor, DFCU Financial, filed an objection to the Application arguing that the Debtor's income increased during the course of this Chapter 13 proceeding and that income was not reported to either the Chapter 13 Trustee, Carl Bekofske, (the "Trustee") or any creditor. Likewise, the Trustee objects to the Application and argues that the attorney fees are unreasonable and excessive pursuant to 11 U.S.C. § 330(a)(3). The Court heard oral argument regarding the Application on October 14, 2015, and took this matter under advisement. The Court has also conducted a status conference regarding a claim of default filed by the Trustee and the Debtor's response to that claim of default.

Post-Confirmation Events

The Debtor's Chapter 13 Plan was confirmed on June 28, 2011, and, with the exception of a proposed plan modification by the Trustee, was unremarkable until the Trustee filed a motion to compel the production of tax returns of the Debtor. As a result of this motion, the Debtor retained Mr. Topping to replace his previous counsel. Thereafter, Mr. Topping filed a number of pleadings, including responses to the Trustee's proposed plan modification, a plan modification of the Debtor,

1

as well as amended Schedules, including Schedules I and J. From April 2015 - September 2015, the Trustee, counsel for DFCU Financial, and the Debtor devoted considerable time to understanding the Debtor's income, method of payment of his income, and proposals to increase payments to the Trustee and, by way of extension, to all unsecured creditors, including DFCU Financial. Also, the Court held numerous status conferences checking the progress of the parties in this regard. Finally, the Court confirmed the Debtor's Post-Confirmation Plan Modification on September 3, 2015.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Statutes

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> > (I) reasonably likely to benefit the debtor's estate; or
> > (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

Unlike many objections to fee applications, neither the Trustee or DFCU Financial object to specific time entries of Debtor's counsel. Instead, each object because it is questionable whether the Debtor's Chapter 13 Plan, as currently funded, will repay all of his creditors. Also, both argue that the Debtor could have paid his creditors much earlier, but that the Debtor, with some participation by his counsel, has avoided this result. Against that backdrop, both objecting parties argue that Debtor's counsel's fees are either unreasonable or excessive.

The Court disagrees. Without Debtor's counsel's services, the Debtor's Chapter 13 case would either have been dismissed many months ago, or continued to languish without a resolution. Debtor's counsel's services have enabled the Debtor, if he applies himself, to repay his creditors as required by the Bankruptcy Code. To the extent necessary, the Court finds that Debtor's counsel's

fees are reasonable and were necessary given the precarious state of the Debtor's Chapter 13 Plan.

The Court is mindful, however, of the impact of the award of fees as requested by Debtor's counsel. In that regard, Debtor's counsel did state at the October 14, 2015, hearing that he was agreeable to an arrangement where $5,000.00 of his fees would be paid with the remainder paid after significant disbursements to unsecured creditors. The Court finds that this is an appropriate arrangement under these circumstances, as the Court balances the propriety of compensating Debtor's counsel with the need to pay unsecured creditors who have waited a long time for payment pursuant to the Debtor's Chapter 13 Plan. Accordingly, the Court overrules the objections of the Trustee and DFCU Financial as to the amount of the attorney fees and expenses, and will allow payment of $5,000.00 by the Trustee in the next disbursement made in this proceeding, with a further direction that no additional fee is to be paid to Debtor's counsel until January 2016. Absent an agreement among Debtor's counsel, DFCU Financial, and the Trustee, the Court directs the Trustee to pay $500.00 per month to Debtor's counsel commencing January 2016, until the remaining attorney fees and expenses are paid to Debtor's counsel.

The Court will enter an order consistent with this Opinion.

**Signed on October 27, 2015**

                                             **/s/ Daniel S. Opperman**
                                             **Daniel S. Opperman**
                                             **United States Bankruptcy Judge**